**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLAUDE M. SHOCKLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner,<br>Social Security Administration,<br><br>    Defendant. | Case No. 96-CV-1191-FHM |

## ORDER

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 19] is before the Court. Counsel seeks approval of an attorney fee award of $13,639.25 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to an additional fee award. [Dkt. 24] The Motion for Attorney Fees [Dkt. 19] is GRANTED as provided herein.

Plaintiff appealed the Administrative denial of her application for Social Security benefits to this Court. The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Dkt. 14]. The Court granted Plaintiff's application for an award of $2,283.25 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 18]. The EAJA award was paid to counsel by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits. The letter from the Social Security

Administration that was provided with the motion for fees reflects that the amount of past due benefits totaled $70,557 and of that amount 25% or $17,639.25 was withheld to pay the attorney's fee. [Dkt. 19-2, p.5]. The Social Security Administration still holds $13,639.25 for payment of counsel's fees as $4,000 was paid to counsel for his work at the administrative level.

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large

in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a contract [Dkt. 19-4], which provides in relevant part that if the case is won, the attorney fee will be based on 25% of the past due benefits generated. Counsel advises he is responsible for a 3 month delay occasioned by his requests for additional time, which results in a reduction 25% of 3 months' benefits at $635 per month for a reduction of $476.25. [Dkt. 19, pp. 5-6].

The undersigned concludes that a fee award of $13,163 which is 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That amount comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). That fee award yields an hourly rate of approximately $810 per hour for around 16.25 hours. Although that hourly rate is high, a fee recovery in a percentage-based contingency fee contract will often be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. When the amount of the EAJA fee award, $2,283.25, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee for counsel's work before the Court that is about 15 percent of Plaintiff's past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 19] is GRANTED as follows:

Counsel is awarded $13,163 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,*

803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $2,283.25 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 28th day of February, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE